USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN EMIL URBANCIK,

                Plaintiff,

                -against-

ANDREW SAUL, Commissioner of
Social Security,

                Defendant.
-------------------------------------------------------------X

**OPINION AND ORDER**

19-CV-11735 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

      In this social security case, plaintiff John Emil Urbancik is seeking $15,225.84 in attorney's fees under the Equal Access to Justice Act following the Court's remand of this action for further proceedings. Defendant Andrew Saul, the Commissioner of the Social Security Administration, opposes Urbancik's motion on the grounds that the hours billed by Urbancik's attorney were excessive. For the reasons that follow, the Court agrees that the hours billed are excessive given the circumstances of this case and will therefore reduce the amount requested as detailed below.

## I.   BACKGROUND

      On December 23, 2019, Urbancik commenced this action pursuant to 42 U.S.C. § 405(g), challenging the Commissioner's decision denying his application for disability insurance benefits and finding him not disabled. Complaint, Dkt. No. 1. On July 27, 2020, after the filing of the administrative record on June 9, 2020 (Dkt. No. 15), and Urbancik's motion for judgment on the pleadings on July 21, 2020

1

(Dkt. No. 18), the parties stipulated to a remand for further administrative proceedings, Joint Stipulation, dated July 27, 2020, Dkt. No. 20, which the Court "so ordered" that same day.  Dkt. No. 21.  The Clerk entered judgment on July 28, 2020.  Judgment, dated July 28, 2020, Dkt. No. 22.

On August 6, 2020, Urbancik moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Memorandum of Law in Support of Plaintiff's Motion for Attorney's Fees, dated Aug. 6, 2020, Dkt. No. 23 ("Pl. Mem.").  The Commissioner filed a response on September 3, 2020.  Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees, dated Sept. 3, 2020, Dkt. No. 29 ("Def. Mem.").  Urbancik submitted his reply memorandum on September 23, 2020.  Plaintiff's Reply Memorandum of Law in Support of His Motion for Attorney's Fees, dated Sept. 23, 2020, Dkt. No. 33 ("Pl. Rep.").

## II.   DISCUSSION

### A. Amount of Attorney's Fees Requested

Urbancik is represented by Timothy S. McAdam of McAdam & Fallon, P.C., and Irwin M. Portnoy, who served as of counsel to the firm.  McAdam and Portnoy request attorney's fees in the amount of $13,462.45 for 63.7 hours of work, delineated as follows: 5.1 hours expended in 2019 by McAdam at the rate of $208.83 per hour ($1,065.03); 3.6 hours expended by McAdam in 2020 at the rate of $211.56 per hour ($761.62); and 55 hours expended by Portnoy in 2020 at the rate of $211.56 per hour ($11,635.80).  *See* Affirmation of Timothy S. McAdam dated August 6, 2020, Dkt. No. 24 ("McAdam Aff."); Affirmation of Irwin M. Portnoy, dated August

6, 2020, Dkt. No. 25 ("Portnoy Aff.").[1]  Urbancik requests an additional $1,763.39 as a result of 8.37 hours expended by Portnoy in preparing the reply memorandum, at a rate of $210.68 per hour.  Pl. Rep. at 1, Supplemental Affirmation of Irwin M. Portnoy, dated September 23, 2020, Dkt. No. 32.  The total amount requested is $15,225.84.

B. Analysis

### 1. Urbancik is Eligible to Receive Attorney's Fees Under the EAJA

"Under the EAJA, 'a court shall award to a prevailing party other than the United States fees . . . incurred by that party in any civil action brought by or against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Padula v. Colvin*, 602 F. App'x 25, 26 (2d Cir. 2015) (quoting 28 U.S.C. § 2412(d)(1)(A)) (alterations omitted).  In EAJA cases, a plaintiff is also entitled "to recover attorney's fees for the time spent by counsel litigating the fee itself." *Mercado v. Colvin,* No. 15-CV-2283 (JCF), 2016 WL 6271139, at *2 (S.D.N.Y. Oct. 26, 2016) (citation omitted).

The Commissioner does not contest that Urbancik was a prevailing party within the meaning of the EAJA or argue that the Commissioner's position was substantially justified.  Rather, he disputes only the amount of fees claimed by

---

[1] Although the invoice he submitted seeks a total of $22,977.78 in fees for 70.71 attorney hours (Portnoy Aff., Ex. 2), Portnoy discounted the total by 15.71 hours, to 55 hours, for purposes of the instant motion.  Portnoy Aff. at ¶ 6.

Urbancik's attorneys. Def. Mem. at 4. Therefore, "[b]ecause the parties' focus is solely on the amount of EAJA fees to award, the Court's will be as well." *Forrest v. Colvin*, No. 15-CV-1573 (KPF), 2016 WL 6892784, at *2 (S.D.N.Y. Nov. 21, 2016) (internal quotation marks and citation omitted).

### 2. Urbancik's Attorneys Used a Reasonable Hourly Rate

"For EAJA purposes, fees are calculated by using a set rate, increased by a cost-of-living adjustment based upon the most recent consumer price index [CPI] on the date that the plaintiff becomes a prevailing party." *Molina o/b/o M.W.M. v. Berryhill*, No. 15-CV-8088 (JLC), 2017 WL 3437572, at *2 (S.D.N.Y. Aug. 11, 2017) (quoting *Woody v. Colvin*, No. 14-CV-718 (SAS), 2015 WL 728179, at *3 n.27 (S.D.N.Y. Feb. 19, 2015)). The Commissioner does not object to the proposed hourly rates, which the Court agrees are reasonable upon a review of the CPI. However, he contends that the 63.7 hours that Urbancik's counsel expended in litigating this case were excessive and should be substantially reduced. Specifically, the Commissioner would exclude all hours spent drafting the motion papers because the parties had been discussing settlement at the time Urbancik submitted them and thus favors an award of only $1,852.04. Def. Mem. at 5.

### 3. Urbancik's Attorneys' Hours Were Excessive

"Attorneys are not entitled to fees under the EAJA for work that is unreasonable, redundant, excessive, or unnecessary." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 674 (S.D.N.Y. 2010); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to

4

exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ."). "In determining a reasonable number of hours, 'the fee applicant bears the burden of . . . documenting the appropriate hours expended[.]'" *Banks v. Berryhill*, No. 10-CV-6462 (KMK) (JCM), 2017 WL 3917141, at *3 (S.D.N.Y. June 30, 2017) (quoting *Hensley*, 461 U.S. at 437), *adopted by*, 2017 WL 3923676 (Sept. 6, 2017).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at *2 (quoting *Hensley*, 461 U.S. at 433). "[W]ithin the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours." *Padula*, 602 F. App'x at 28 (quoting *Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008)). However, "the same courts 'have also not hesitated to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant such an award.'" *Molina*, 2017 WL 3437572, at *2 (quoting *Stewart v. Comm'r of Soc. Sec.*, No. 12-CV-3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014)); *see also Sava v. Comm'r of Soc. Sec.*, No. 06-CV-3386 (KMK) (PED), 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014). "Factors that justify expending more than forty hours 'include the factual, substantive, and procedural complexity of the case,' as well as the 'size of the administrative record,' and the 'efficacy of the attorney's efforts.'" *Molina*, 2017 WL 3437572, at *2 (quoting *Stewart*, 2014 WL 2998530, at *3).

The Commissioner argues that this case did not warrant an expenditure of 63.7 hours because (1) it was ultimately remanded after the parties' settlement efforts and as a result, the briefing of the motion was premature and superfluous; (2) it presented no complex, novel, or unusual issues; (3) Urbancik's attorneys have extensive experience in the area of social security disability law; (4) staffing the case with two experienced attorneys led to a duplication of efforts; and (5) the record was not particularly lengthy. Def. Mem. at 5–9. Urbancik counters that his attorneys are entitled to full compensation because (1) the briefing and filing of the motion were necessary in light of the Commissioner's having filed the administrative record; (2) the letters Urbancik's counsel sent to the Commissioner to advocate for a remand were informed by the briefing and did, in fact, lead to a remand with detailed instructions; (3) the issues involved in the case required considerable time in researching and evaluating the claims; and (4) it was efficient to use two attorneys because McAdam had little experience litigating adverse decisions of ALJs. Pl. Rep. at 2–6.

To begin, contrary to the Commissioner's contention that Urbancik should be awarded *no fees* for the drafting and filing of the motion (Def. Mem. at 5), I find that "the time spent on the briefing was not unnecessary" in light of the fact that the "Government did not agree to remand until after receiving Plaintiff's portion of the brief containing all of Plaintiff's arguments for remand." *Rivera Hernandez v. Comm'r, Soc. Sec. Admin.*, No. 19-CV-4025 (PAE) (KHP), 2020 WL 2765866, at *4 (S.D.N.Y. May 28, 2020). Moreover, the evaluation and research required for the

6

letters to the Commissioner requesting a remand, which were ultimately used in the motion papers, did lead to a remand with detailed instructions for the ALJ. Nonetheless, I find that the almost 64 hours spent on the case were excessive.

First, the issues presented were neither novel nor complex. *See, e.g.*, *Rivera v. Astrue*, No. 07-CV-3129 (ARR), 2009 WL 1351044, at *1 (E.D.N.Y. May 13, 2009) ("[W]hen a case does not 'rais[e] any extraordinarily difficult or complex legal or factual issues,' courts have determined that the hours spent litigating it should not have exceeded the guideline range [of 20 to 40 hours]." (quoting *Pazo v. Apfel*, No. 98-CV-5535, 2001 U.S. Dist. LEXIS 24494, at *21 (E.D.N.Y. Mar. 7, 2001) (alteration in original)). The legal issues identified by Urbancik were: (1) whether his PTSD was a severe impairment; (2) whether his impairments qualified under certain listings; and (3) whether his residual functional capacity had been properly evaluated. Pl. Rep. at 5. These issues are routinely presented in social security cases and do not justify the almost 64 hours requested. *See, e.g.*, *Quinn v. Astrue*, No. 306-CV-1303 (GLS) (RFT), 2008 WL 5234300, at *2 (N.D.N.Y. Dec. 15, 2008) (characterizing "residual functional capacity" determination as "entirely unextraordinary" and not warranting departure from the usual 20 to 40 hours in attorney's fees); *Woody*, 2015 WL 728179, at *2 (same). Moreover, given McAdam's and Portnoy's decades of experience with social security cases between them, the almost 64 hours dedicated to litigating this case were excessive. *See, e.g.*, *Mercado*, 2016 WL 6271139, at *2 ("[N]othing indicates that this case presented unusually difficult or complex legal or factual issues. Further, plaintiff's counsel has decades

7

of experience in this field, both as an attorney and as a former Administrative Law Judge in the Social Security Administration's Office of Hearings and Appeals." (citing Portnoy's resume)); *Woody*, 2015 WL 728179, at *2 ("The resulting legal issues Mr. Portnoy raised in his district court brief were neither novel nor particularly complicated, especially for an experienced attorney in the field.").[2]

Second, the case was remanded after only the opening brief was filed, while the 20-to-40-hour range common in most social security cases involves more briefing. This case "was not so novel or complex as to require such a significant departure from the time expended with respect to the *entirety* of a typical case." *Balsano v. Astrue*, No. 09-CV-490 (DNH) (VEB), 2013 WL 935782, at *3 (N.D.N.Y. Feb. 13, 2013), *adopted by,* 2013 WL 929845 (Mar. 11, 2013); *see Stewart,* 2014 WL 2998530, at *3 (taking into account Commissioner's decision to move for reconsideration in awarding 40 hours of attorney's fees); *cf. Quinn*, 2008 WL 5234300, at *2 (reducing Portnoy's attorney's fees where he spent "more than 70 hours of attorney work prior to the Commissioner[']s offer of remand . . . , of which nearly 63 hours were spent drafting and revising the district court brief"); *Greenidge v. Barnhart*, No. 6:04-CV-0379, 2005 WL 357318, at *4 (N.D.N.Y. Feb. 11, 2005) ("[T]his case does not justify more than forty hours, especially when the issues

---

[2] McAdam has been in private practice since 1988 with considerable experience in social security claims, McAdam Aff. at Ex. 2, while Portnoy has represented hundreds of claimants before the SSA and federal courts and was an SSA ALJ from 1980 to 1989. Portnoy Aff. at Ex. 1.

were not complex and the remand was based on a stipulation agreement between the parties.").

Third, at 749 pages, the administrative record was not particularly long for a social security case. *See, e.g.*, *Estrella o/b/o M.R.E. v. Berryhill*, No. 15-CV-6966 (CS) (LMS), 2017 WL 6033042, at *2 (S.D.N.Y. Dec. 5, 2017) (characterizing 593-page record as "not considerably voluminous"); *Forrest*, 2016 WL 6892784, at *4 (finding 600-page record not particularly large); *cf. Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014) (finding request for attorney's fees for 61.10 hours excessive, noting that although a nearly 1,000-page record was "considerable," the plaintiff did "little to demonstrate the complexity of the issues involved in [the] case").

Lastly, it was inefficient for Portnoy to spend almost 46 hours drafting and revising the summary of facts and medical evidence when McAdams could have done so more efficiently given that he represented Urbancik in the administrative proceedings.³ *See, e.g*, *Barbour*, 993 F. Supp. 2d at 291 (reducing hours where counsel represented plaintiff in administrative proceedings and could have more efficiently drafted brief); *Greenidge*, 2005 WL 357318, at *4 (same); *cf. Smith v. Astrue*, No. 09-CV-4999 (JG), 2011 WL 4056101, at *1 (E.D.N.Y. Sept. 12, 2011)

---

³ The Court arrived at this number by adding the entries in Portnoy's invoices dated: April 12, 2020, April 13, 2020, April 14, 2020, April 30, 2020, May 4, 2020, May 5, 2020, May 6, 2020, May 8, 2020, May 25, 2020, May 28, 2020, June 17, 2020, June 18, 2020, July 1, 2020, July 2, 2020, and July 3, 2020, although the Court is cognizant that the entries dated May 28, 2020, June 17, 2020, June 18, 2020, July 2, 2020, and July 3, 2020 also include some legal research. *See* Portnoy Aff., Ex. 2.

(allowing slightly higher fees "because counsel did not handle [plaintiff's] case before the Commissioner").[4]

"District courts enjoy broad discretion in ruling on fee awards under the EAJA and need not scrutinize the time spent on each itemized task for which fees are requested." *Borus v. Astrue*, No. 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (internal citation omitted) (citing *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986)). "Rather, the Court has discretion to simply apply a reasonable percentage reduction 'as a practical means of trimming fat from a fee application.'" *Sava*, 2014 WL 129053, at *4 (quoting *Scott v. Astrue*, No. 08-CV-0910, 2011 WL 32544, at *3 (W.D.N.Y. Jan. 5, 2011)). Given all of the circumstances, I conclude an award of $9,584.16 is reasonable in this case. That number is arrived at as follows: 30 hours for Portnoy (reduced from 55 hours) at a rate of $211.56 for a total of $6,346.80; 8.7 hours for McAdam (at two different rates) as requested for a total of $1,826.65; and 8.37 hours at $210.68 for the reply papers, reduced by 20 percent for a total of $1,410.71 (as a six-page reply memorandum plus a short affirmation do not justify 8.37 hours of attorney time).

---

[4] In this case, although there were two attorneys, it does not appear that there was a meaningful duplication of effort, as the Commissioner contends. Def. Mem. at 8–9. The litigation in this case appears to have been divided with McAdam working on the complaint, and Portnoy working on the motion for judgment on the pleadings. *See* McAdam Aff., Ex. 4; Portnoy Aff., Ex. 2. The only overlap is in McAdam's proofreading of the motion, for a total of two hours (McAdam Aff., Ex. 4 at 3), which does not seem unreasonable. *Cf. Cutajar v. Comm'r of Soc. Sec.*, No. 1:19-CV-05569 (SDA), 2020 WL 2999232, at *3 (S.D.N.Y. June 4, 2020) (reducing attorney's fee amount for duplication of efforts where two attorneys both reviewed administrative record and wrote parts of same brief).

This award thus constitutes a reduction of approximately 37 percent of the amount requested, which accounts for the various factors that warrant a significant reduction in the fees sought.[5]

### III.　CONCLUSION

For the reasons stated, the Court awards Urbancik $9,584.16 in EAJA fees. The Clerk of the Court is directed to close Docket No. 23 and mark it as granted in part and denied in part.

**SO ORDERED**.

Dated: November 12, 2020
　　　　New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[5] This is hardly the first time Portnoy has had an excessive fee request reduced. Indeed, many courts in this Circuit have reduced EAJA fee awards for plaintiffs represented by Portnoy. *See, e.g., Forrest*, 2016 WL 6892784, at *5; *Quinn*, 2008 WL 5234300, at *3 (collecting cases).